ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
TERRENCE M. JONES
Assistant United States Attorney
Calif. Bar No. 256603
    Federal Building, Room 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:   (213) 894-7354
    Facsimile:   (213) 894-7819
    E-Mail:   terrence.jones@usdoj.gov

Attorneys for Defendant PATRICK R. DONAHOE
Postmaster General, United States Postal Service

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BARBARA A. PHIPPS, | Case No: CV07-7274 SJO (SHx) |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR RECONSIDERATION** |
| PATRICK R. DONAHOE,[1] Postmaster General of the United States Postal Service, | Hearing Date:  June 13, 2011<br>Hearing Time:  10:00 a.m.<br>Courtroom:  1 – 2nd Floor |
| Defendant. | Hon. S. James Otero<br>United States District Judge |

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Patrick R. Donahoe is substituted for John E. Potter, the former Postmaster General and whom Plaintiff properly named as the Defendant at the outset of this litigation.

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on June 13, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, will, and hereby does, move this Court pursuant to Local Rule 7-18 and Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of its Order dated May 2, 2011, denying Defendant's motion for summary judgment.

This motion will be made in Courtroom 1 before the Honorable S. James Otero, United States District Judge, at the above-entitled courthouse located 312 North Spring Street, Los Angles, California 90012.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 3, 2011.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and/or other documents on file with the Court in this action, as well as upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.

DATED: May 9, 2011

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


   /s/ *Terrence M. Jones*
TERRENCE M. JONES
Assistant United States Attorney

Attorneys for Federal Defendant
PATRICK R. DONAHOE, Postmaster
General, United States Postal Service

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Barbara A. Phipps brought this workplace discrimination suit against her employer, the United States Postal Service, pursuant to the Rehabilitation Act of 1973 (29 U.S.C. § 791 *et seq*), asserting three causes of action: (1) failure to accommodate an injury to her left arm; (2) retaliation for having engaged in prior protected activities under the Act; and (3) "interference, coercion, and intimidation" for exercising her rights under the Act. The Postal Service moved for summary judgment as to each of Plaintiff's claims. (Dkt. No. 46.) Among other bases, the Postal Service argued that it was entitled to summary judgment because all of Plaintiff's claims were time-barred on account of her failure to comply with the 45-day initial EEO[2] contact rule. Under 29 C.F.R. 1614.105(a)(1), employees who believe they have suffered a discriminatory employment action must make initial contact with an EEO counselor to lodge an *informal* EEO complaint within 45 days of the alleged act of discrimination. In its motion for summary judgment, the Postal Service introduced undisputed evidence that Plaintiff did not make initial EEO contact until 125 days after the alleged discriminatory action. Yet the Court denied the Postal Service's motion on this ground.[3] The Court concluded that because the Postal Service subsequently accepted Plaintiff's *formal* EEO complaint — which Plaintiff did timely file within the 15-day limitations period applicable to its filing — the Postal Service had therefore deemed Plaintiff's *informal* EEO contact as timely.

The Court's ruling conflates the timing requirements associated with the lodging of *informal* EEO complaints with those associated with the filing of *formal*

---

[2] Equal Employment Opportunity.

[3] Although the Postal Service disagrees with the Court's analyses of its other grounds for summary judgment, the Postal Service does not request reconsideration of those issues here.

1

EEO complaints. Although the Court correctly concluded that after Plaintiff received a "right-to-file" letter from the Postal Service, she timely filed her *formal* EEO within 15 days as required (29 C.F.R. § 1614.106(b), Plaintiff's compliance with this subsequent deadline does not excuse her initial failure to comply with the 45-day rule that marks the outset of the administrative process, (29 C.F.R. 1614.105(a)(1)). Plaintiff's failure to contact an EEO counselor within 45 days of the alleged act of discrimination is fatal to her entire action and serves as an independent basis for dismissal regardless of her subsequent compliance with the other successive EEO deadlines. *See Kraus v. Presidio Trust Facilities Division*, *infra*, 572 F.3d 1039 (9th Cir. 2009); *Zipes v. Trans World Airlines, Inc.*, *infra*, 455 U.S. 385 (1982). The Postal Service did not waive Plaintiff's failure to comply with the 45-day *informal* contact rule by subsequently accepting and investigating Plaintiff's *formal* complaint. *Boyd v. U.S. Postal Serv.*, *infra*, 752 F.2d 410 (9th Cir. 1985). As the Court correctly concluded, "agencies do not waive a defense of untimely [initial EEO contact] merely by accepting and investigating a [*formal*] discrimination complaint[.]" *Order* at pg. 6; Dkt. No. 72 (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d at 414). Accordingly, the Postal Service is entitled to summary judgment as to the entirety of the Plaintiff's complaint.

## II. RELEVANT FACTUAL BACKGROUND

### A. Plaintiff Suffered a Workplace Injury and Requested a Accommodation on July 7, 2007, which the Postal Service Denied that Same Day

On July 1, 2006, Plaintiff purportedly injured her left arm while on duty at the Ojai Post Office while lifting a bucket containing bulk mail. (Plf.'s USF at ¶4; Dkt. No. 52-7.) Plaintiff alleges that she reported the injury to her supervisors but was instructed to continue working, which Plaintiff did. (First Amended Complaint ("FAC") at ¶21; Dkt. No. 13.) Plaintiff was not scheduled to work July 2-4, 2006, and returned to work on July 5, 2006. (FAC at ¶¶31- 33.) On July 6,

2006, Plaintiff alleges that she sought medical treatment for her injury but was denied medical care because her supervisors allegedly failed to provide the required paperwork. (Plf.'s Evid. App. Exh. 7 at pg. 64.)  A doctor, however, provided Plaintiff with a note to present to her supervisors with recommended lifting restrictions. (Plf.'s USF at ¶ 5; Dkt. No. 52-2.)  On July 7, 2006, Plaintiff requested reasonable work accommodation pursuant to her doctor's recommendation. (*Id.*)  Plaintiff's request was denied on the same day. (*Id.*)

On July 8, 2006, Plaintiff took a planned vacation. (FAC at ¶43.)  Plaintiff alleges that she visited the Ojai Post Office on July 14, 2006, to ask whether she could return to work as scheduled on July 15, 2006. (*Id.*)  Plaintiff alleges that her supervisors reiterated the decision denying Plaintiff's request for work accommodation. (*Id.*)  At that time, Plaintiff alleges that her supervisors placed her on unpaid leave effective July 15, 2006, and that they would decide when Plaintiff would be able to come back to work. (Plf.'s Evid. App. Exh. 11 at pg. 49, lns. 11-15.)

### B.   The Administrative EEO Process

In order to commence the administrative EEO process, employees who believe they have been discriminated against must first consult an EEO counselor in order to try to resolve the matter informally before they can file a formal EEO complaint with the agency. 29 C.F.R. § 1614.105(a).  The purpose of this requirement is to provide the agency with an opportunity to reach a voluntary settlement of the dispute through informal processes before resorting to the formal EEO complaint process. *Kraus v. Presidio Trust Facilities Division*, 572 F.3d 1039, 1045 (9th Cir. 2009) (citing *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002)).

In the Postal Service, an aggrieved employee may initiate the administrative EEO process by seeking counseling from an EEO counselor via telephone. After a Postal Service employee requests EEO counseling, the Postal Service generally

sends the employee a form 2564-A "Information for Pre-Complainant Counseling" to complete, which is commonly referred to as an *informal* EEO complaint. (Def's Evid. App. Exh. G; Dkt. No. 45.) The beginning of the form identifies the date on which the employee initially requested counseling. The EEO counselor will input this date at the top of the *informal* EEO complaint prior to mailing the otherwise blank form to the employee. Pursuant to 29 C.F.R. § 1614.105(a)(1), employees who believe they have been discriminated against must make contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

After the Postal Service employee completes and returns his or her *informal* EEO complaint, an EEO counselor will process it and, in some instances, request that the employee participate in an interview concerning their allegations of discrimination. (Def's Evid. App. Exh. H.) In some instances, the EEO counselor may also request that the employee participate in a mediation or other form of alternative dispute resolution. (San Luis Decl. at ¶6; Dkt. 46-2.)

If the parties are unable to resolve their dispute during this initial informal stage, the EEO counselor will issue a "Notice of Right to File Individual Complaint." (Def's Evid. App. Exh. H.) This "right-to-file" notice authorizes the employee to file a *formal* EEO complaint against the Postal Service, a form 2565 "EEO Complaint of Discrimination in the Postal Service." (Def's Evid. App. Exh. I.) Pursuant to 29 C.F.R. § 1614.106(b), employees must file their *formal* EEO complaint within 15 days of receiving their right-to-file notice.

After the Postal Service receives the employee's *formal* EEO complaint, it issues an "Acceptance of Complaint," either accepting the employee's claims for investigation or dismissing them. 29 C.F.R. § 1614.106(e); (Def's Evid. App. Exh. J.) Thereafter, the Postal Service conducts a formal investigation of the allegations set forth in the *formal* EEO complaint, (29 C.F.R. §§ 1614.106(e)(2) and 1614.108), from which an "Investigative Report" is generated, (29 C.F.R. §

1614.108(f)). (Def's Evid. App. Exh. M.) Upon receiving a copy of the Investigative Report, the employee may either request a hearing before an administrative judge in order to adjudicate their claims, (29 C.F.R. § 1614.109), or ask the Postal Service to issue a "Final Agency Decision," (29 C.F.R. § 1614.107). (Def's Evid. App. Exh. N.)

### C. Plaintiff's Administrative EEO Action

On November 7, 2006, Plaintiff commenced the administrative EEO process by seeking counseling from an EEO counselor via telephone. (San Luis Decl. at ¶4; Def's Evid. App. Exh. G.) As a result, the EEO counselor generated an *informal* complaint (*i.e.*, form 2564-A "Information for Pre-Complaint Counseling") and, consistent with 29 C.F.R. § 1614.105(a)(1), input the date of Plaintiff's initial November 7th call at the top of the otherwise blank form. (*Id.*) On November 21, 2006, Plaintiff signed and returned the *informal* complaint to the EEO Office. (San Luis Decl. at ¶5; Def's Evid. App. Exh. G.) In her *informal* EEO complaint, Plaintiff alleged disability discrimination and indicated that the incident or action that prompted her to seek EEO counseling occurred on July 1, 2006. (*Id.*) On November 30, 2006, Plaintiff had an initial interview with her EEO counselor. (San Luis Decl. at ¶6; Def's Evid. App. Exh. G.)

On January 31, 2007, the EEO counselor sent Plaintiff a right-to-file letter indicating that she had concluded the processing of Plaintiff's *informal* EEO complaint and informed Plaintiff that she now had the right to file a *formal* EEO complaint. (San Luis Decl. at ¶7; Def's Evid. App. Exh. H.) Consistent with federal regulations, the letter indicated that Plaintiff's *formal* EEO complaint was required to be filed within 15 days of Plaintiff's receipt of the right-to-file notice. (*Id.*) A formal form 2579-A "Notice of Right to File Individual Complaint" was enclosed with the EEO counselor's letter. (*Id.*)

Consequently, on February 16, 2007, Plaintiff filed her *formal* EEO complaint (*i.e.*, form 2565 "EEO Complaint of Discrimination in the Postal

5

Service"). (San Luis Decl. at ¶8; Def's Evid. App. Exh. I.) On March 3, 2007, the Postal Service's EEO Office mailed Plaintiff and her attorney an "Acceptance for Investigation" notice indicating that the scope of the investigation regarding Plaintiff's EEO complaint would include the following issue:

> The Complainant alleges discrimination based on Disability (Left Arm Injury) in that since July 6, 2006 and ongoing, she has not been provided reasonable accommodation for her medical restrictions.

(San Luis Decl. at ¶9; Exh. J.)

On May 31, 2007, the EEO Office issued its "Investigative Report" summarizing the results of its investigation into Plaintiff's claims of discrimination. (San Luis Decl. at ¶12; Def's Evid. App. Exh. M.)

On August 3, 2007, the EEO Office issued its "Final Agency Decision" regarding Plaintiff's *formal* EEO complaint. (San Luis Decl. at ¶13; Def's Evid. App. Exh. N.) In the Final Agency Decision, the EEO Office specifically addressed the untimeliness of Plaintiff's *informal* EEO contact and indicated that Plaintiff's failure to comply with the 45-day rule, (29 C.F.R. § 1614.105(a)(1)), was among its grounds for dismissing Plaintiff's entire action:

> Arguably, the date complainant sought to return to duty with limitations was on or about July 15, 2006. By August, complainant testified that she had exhausted all her leave. Yet, complainant failed to make contact with an EEO Counselor until November 7, 2006, some three months from the time of [sic] that impermissible discrimination, if it was that, should have been painfully clear.

(Def's Evid. App. Exh. N at pgs. 126-129.)

///

///

6

## III. PLAINTIFF'S FAILURE TO COMPLY WITH THE 45-DAY INITIAL CONTACT RULE FOR INITIATING AN *INFORMAL* E.E.O. COMPLAINT IS FATAL TO HER ENTIRE ACTION

### A. Plaintiff Did Not Make Initial EEO Contact Until 125 Days After the Alleged Discriminatory Employment Action

Pursuant to 29 C.F.R. § 1614.105(a)(1), employees who believe they have been discriminated against must make contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Failure to comply with this 45-day initial contact rule is grounds for the agency's dismissal of the entire EEO complaint absent waiver, estoppel or equitable tolling." 29 C.F.R. §§1614.107(a)(2) and 1614.604(c); *and see Kraus v. Presidio Trust Facilities Division*, *supra*, 572 F.3d at 1043; *Zipes v. Trans World Airlines, Inc.*, *supra*, 455 U.S. at 393. Moreover, in the event district court litigation ensues, the Ninth Circuit has consistently held that although the 45-day initial EEO contact rule is "fatal to a federal employee's discrimination claim[.]" *Kraus v. Presidio Trust Facilities Division*, 572 F.3d at 1043 (internal quotation marks omitted).

There is only one employment action at issue in this case: the Postal Service's denial of Plaintiff's request for a "light duty" accommodation on July 7, 2006. Plaintiff made her request on that date and it was denied on that date. Therefore, the 45-day clock began to run on that date. *Nat'l R.R. Passenger Corp. v. Morgan*, *infra*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened'"). Consequently, Plaintiff was required to make contact with an EEO counselor within 45 days of July 7, 2006 — that is, by August 21, 2006. She failed to do so. The undisputed evidence establishes that Plaintiff did not make EEO contact until 125 days after the Postal Service's denial of her July 7th request for accommodation, on November 6, 2007. (San Luis Decl. at ¶4; Def's Evid. App. Exh. G.) Accordingly,

7

all of Plaintiff's causes of action are time-barred because she failed to make contact with an EEO counselor within 45 days of the alleged discriminatory employment action.

### B. Plaintiff's Compliance with Subsequent EEO Deadlines Does Not Excuse Her Failure to Comply with the Initial 45-day Contact Rule

As set forth above, on January 31, 2007, the EEO counselor assigned to Plaintiff's case mailed Plaintiff a right-to-file letter indicating that she had completed the processing of Plaintiff's *informal* EEO complaint and that Plaintiff then had to right to file a *formal* EEO complaint. (San Luis Decl. at ¶7; Def's Evid. App. Exh. H.) Consistent with federal regulations (29 C.F.R. § 1614.106(b), the EEO counselor's letter indicated that Plaintiff's *formal* EEO complaint was required to be filed within 15 days of receipt of the notice. (*Id.*)

Although Plaintiff did timely file her *formal* EEO within 15 days as required, Plaintiff's compliance with this *formal* EEO complaint filing deadline does not excuse her initial failure to comply with the 45-day *informal* EEO contact rule. Aggrieved employees must comply with the applicable EEO deadlines at each stage of the administrative process, as noncompliance with any one requirement is grounds for dismissal regardless of compliance elsewhere. *See Cherosky v. Henderson*, 330 F.3d 1243, 1245-1246 (9th Cir. 2003); *Kraus v. Presidio Trust Facilities Division*, 572 F.3d at 1043; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. at 393. Here, Plaintiff's subsequent compliance with other successive EEO deadlines does not excuse her noncompliance with the initial 45-day EEO contact requirement. As the Ninth Circuit has consistently held, failure to comply with the 45-day EEO contact requirement is an independent basis for dismissal of a district court action. *Kraus v. Presidio Trust Facilities Division*, 572 F.3d at 1043; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. at 393.

///

Moreover, as this Court correctly concluded, "agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a [*formal*] discrimination complaint[.]" *Order* at pg. 6 (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985)). Therefore, the Postal Service did not waive Plaintiff's failure to comply with the 45-day *informal* contact rule by subsequently accepting and investigating Plaintiff's *formal* complaint. Indeed, in *Boyd*, the Ninth Circuit held that:

> The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original [45-day EEO contact rule] when the later investigation does not result in an administrative finding of discrimination.

*Boyd v. U.S. Postal Serv.*, 752 F.2d at 414.

Therefore, the January 31, 2007 right-to-file letter upon which the Court relies in its Order is irrelevant to the question of whether Plaintiff complied with the 45-day EEO contact rule. *Order* at pgs. 6-7. The right-to-file letter would only be relevant if the Postal Service were challenging the timeliness of the filing of the Plaintiff's *formal* EEO complaint. Here, the only document relevant to the question of whether Plaintiff complied with the 45-day EEO contact rule is her *informal* EEO complaint; it bears the date on which Plaintiff made initial contact with an EEO counselor concerning her claims of discrimination. (Def's Evid. App. Exh. G.) Indeed, Plaintiff's *informal* EEO complaint indicates that she first made contact with an EEO counselor on November 7, 2006, yet the alleged discriminatory employment action occurred on July 7, 2006 — *125 days earlier*. (*Id.*) Accordingly, the Postal Service is entitled to summary judgment as to the entirety of the Plaintiff's complaint on this basis alone.

/ / /

/ / /

9

### C. Plaintiff Did Not Comply with the 45-Day Initial Contact Rule Under Any Circumstances

The Court suggested in a footnote that "[a]rguably, Plaintiff was not required to file her claim by August 21, 2006[,] [because] [t]he proffered evidence establishes that the Department of Labor ("DOL") had not completed its investigation of Plaintiff's injury by that date [and,] [a]ccordingly, the Postal Service was not yet in a position to grant or deny Plaintiff's request for accommodation." *Order* at pg. 6, fn.2. Yet, regardless of whether the DOL had completed its investigation of Plaintiff's claim for workers' compensation benefits, the undisputed evidence is that the Postal Service certainly *did* deny Plaintiff's request and that she believed that the denial was motivated by discriminatory animus unrelated to the DOL's workers' compensation decision.

The Supreme Court has made clear that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); *and see Cherosky v. Henderson*, 330 F.3d at 1245-1246. Moreover, the Ninth Circuit has emphasized that the 45-day initial EEO contact clock begins to run when a reasonable person would have become aware that they had suffered a discriminatory employment action. *Boyd v. U.S. Postal Serv.*, 752 F.2d at 414; *see also Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048-1049 (9th Cir. 2008).[4] Here, the alleged discrete

///

///

---

[4] "The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." *Boyd v. U.S. Postal Serv.*, 752 F.2d at 414. "[T]he claim accrues upon awareness of the actual injury, *i.e.*, the adverse employment action, and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d at 1049.

act occurred on July 7, 2006, and thus, Plaintiff had 45 days — until August 21, 2006 — to make initial contact with an EEO counselor. She failed to do so.[5]

And to be sure, Plaintiff was certainly aware that she had allegedly suffered a discrete act of discrimination on July 7, 2006, because after the Postal Service denied her request for accommodation that day, Plaintiff did not work another shift at the subject facility until almost a year later in June 2007. Furthermore, as set forth in her complaint, Plaintiff alleges that "[f]rom July 3, 2006 through July 6, 2006, plaintiff repeatedly informed [management] that she had suffered an industrial injury . . . [but] defendant disregarded her requests and ordered her to return to work" in violation of the Rehabilitation Act. (FAC at ¶76.) Therefore, Plaintiff's own complaint concedes that she was aware that she was allegedly being discriminated against on July 7, 2006, and thus, the 45-day clock began to run on that date.[6]

---

[5] Furthermore, the undisputed evidence establishes that the Postal Service denied Plaintiff's request for accommodation before the DOL had even *begun* its investigation. Indeed, the undisputed evidence establishes that Plaintiff did not submit her first claim to the DOL for workers' compensation benefits until July 28, 2006. (Montenegro Decl. at ¶ 16; Def's Evid. App. Exh. O.)

[6] In fact, Plaintiff did not comply with the 45-day EEO contact rule under any circumstances. Even were the operative date July 15, 2006, the date on which Plaintiff alleges that "Supervisor Jensen told her she was on leave under workers comp. and . . . [i]n so doing . . . refused to engage in the interactive process or provide reasonable accommodation," (FAC at ¶¶43-44), then Plaintiff would be required to make contact with an EEO counselor within 45 days of that date — that is, by August 29, 2006. She failed to do so. Even were the operative date July 28, 2006, the date on which Plaintiff alleges that she "again visited the Ojai Post Office and . . . Supervisor Jensen, *by deliberate design*, incorrectly advised plaintiff to complete . . . the wrong claim form" for submission to the DOL, (FAC at ¶¶47-48; emphasis added), she still did not comply with the 45-day EEO contact requirement. Plaintiff would be required to make contact with an EEO counselor within 45 days of that date — that is, by September 11, 2006. She failed to do so.

11

## IV. CONCLUSION

Based on the foregoing, Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, respectfully requests that the Court reconsider its *Order* dated May 2, 2011, denying Defendant's motion for summary judgment.

DATED: May 9, 2011

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


 /s/ *Terrence M. Jones*
TERRENCE M. JONES
Assistant United States Attorney

Attorneys for Federal Defendant
PATRICK R. DONAHOE, Postmaster General, United States Postal Service