# INSTRUCTION NO. __1_

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

CV 07 - 07274

Barbara Phipps

v.

Patrick Donahoe

FILED
CLERK, U.S. DISTRICT COURT

NOV 21 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Trial Jury Instructions

## INSTRUCTION NO. _2__

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. _3__

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of the witnesses;
- the exhibits which are received into evidence; and
- the facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objections the attorneys have made during trial nor by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; you must follow the limiting instructions given when the testimony and exhibits were received.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. _4__

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

Many of you may have taken notes during the course of the trial. However, whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. _5__

As you have been instructed, the first element of the Rehabilitation Act claim that the plaintiff must prove she had a disability as defined by the Rehabilitation Act. A "disability" under the Rehabilitation Act is a physical or mental impairment that substantially limits one or more major life activities of the individual, or has a record of that kind of physical or mental impairment, or is regarded as having that kind of physical or mental impairment.

The terms "disability" and "physical or mental impairment" include: (1) any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or (2) any mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illnesses, and learning disabilities.

"Major life activities" are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A "limitation" is "substantial" if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

(1)   the nature and severity of the impairment;

(2)   the duration or expected duration of the impairment; and

(3)   the permanent or long-term impact of the impairment.

## INSTRUCTION NO. _6__

The second element of the Rehabilitation Act claim that the plaintiff must prove is that she was a qualified individual under the Rehabilitation Act.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education and other job-related requirements of the employment position.

## INSTRUCTION NO. __7_

Plaintiff contends that discriminatory conduct and personnel actions took place before and after her initial contact with an EEO counselor are related and similar to those within the 45-day period. If you find that such conduct and personnel actions are like and related, then you must find that all of the acts are a part of a continuing violation and are timely.

## INSTRUCTION NO. _8__

An essential function of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

(1)     whether the reason the position exists is to perform that function;

(2)     whether there are a limited number of employees available among whom the performance of that job function can be distributed;

(3)     whether the job function is highly specialized, and the person in that particular position is hired for her expertise or ability to perform the particular function;

(4)     the amount of time spent performing the job function;

(5)     the consequences of not requiring the individual holding the position to perform the function;

(6)     the terms of any collective bargaining agreement;

(7)     the work experience of past employees who have held the position; and

(8)     the work experience of current employees that hold similar positions.

## INSTRUCTION NO. __9_

As to the plaintiff's claim that her alleged disability was a motivating factor reason for the defendant's continuing violation in making the decisions to impose adverse employment actions on her, such as:

    (1)    repeated and ongoing denial of reasonable accommodation;

    (2)    placing her on leave without pay for almost an entire year instead of letting her work with reasonable accommodation;

    (3)    conditioning her return to work on the requirement that she not need any accommodation;

The plaintiff has the burden of proving the following by a preponderance of the evidence:

    (1)    the plaintiff had, in her left arm, a disability within the meaning of the Rehabilitation Act;

    (2)    the plaintiff was a qualified individual as that term is defined later in these instructions; and

    (3)    the plaintiff's left-arm disability was a motivating factor in defendant's decisions to deny her reasonable accommodation, place her on unpaid leave and condition her return on the requirement that she not need any accommodation, or the decision to make any other adverse employment action.

If you find that plaintiff has proved all of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

# INSTRUCTION NO. _10__

Under the Rehabilitation Act, a "systemic violation" is a continuing violation in which an employer has a discriminatory policy or practice.  Phipps claims the Postal Service has a discriminatory policy or practice in its collective bargaining agreement section that forbids limited duty for Rural Letter Carriers.  That section is Exhibit 517 and it says on page 3:

"In the rural carrier craft, at any local installation, regular rural routes shall not be considered for any light duty assignment."

A discriminatory *policy* is a formal policy that treats members of a protected group differently, or which has a different effect on members of a protected group. People with disabilities are members of a protected group.

A discriminatory *practice* is where the employer engages in a discriminatory practice over an extended period of time.

Phipps claims this section prohibiting workers' compensation light duty is a discriminatory policy because it excludes from the workforce Rural Letter Carriers who seek or require reasonable accommodation under the Rehabilitation Act, including Phipps.

Phipps also claims the Postal Service has a discriminatory practice because it routinely refuses to provide limited duty for Rural Letter Carriers.

If that discriminatory policy or practice existed within 45 days of the date Phipps contacted the Equal Employment Opportunity counselor, then her opposition to that policy or practice was made on time.

# INSTRUCTION NO. _11__

To establish the defendant's duty to provide a reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, both of the following elements:

(1)     the plaintiff requested of the defendant an accommodation due to a disability;

(2)     the defendant could have made a reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the job.

Under the Rehabilitation Act, an accommodation by the defendant may include, but is not limited to:

- modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position;
- making existing facilities used by employees readily accessible to and usable by individuals with disabilities;
- job restructuring;
- part-time or modified work schedule;
- reassignment to a vacant position;
- acquisition or modifications of examinations, training materials or policies; or
- other similar accommodations for individuals with plaintiff's disabilities.

It is for you to determine whether the accommodation requested by the plaintiff was reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

Any difference in "light duty" or "limited duty" in the defendant's collective bargaining agreement with the union must be considered with the understanding plaintiff was injured on the job.

## INSTRUCTION NO. _12__

Under the Rehabilitation Act, an employee does not have to use any special language to ask for reasonable accommodation. The words "reasonable accommodation" never have to be mentioned. All that is required is for an employee with a disability to request assistance or a change in the way the job is done.

# INSTRUCTION NO. __13_

When accommodation is required to enable an employee with a disability to perform the essential functions of her job, and she presents evidence to the employer that a reasonable accommodation is possible, an employer may not speculate that a suggested accommodation is not feasible. The employer has a duty to gather sufficient information from the employee and qualified experts to determine what accommodations are necessary to enable the employee to perform the job.

## INSTRUCTION NO. _14_

The Rehabilitation Act is a federal statute that supersedes any conflicting provision in a collective bargaining agreement. Discrimination prohibited by the Rehabilitation Act cannot be waived by an employee in a collective bargaining agreement. Reasonable accommodation required under the Rehabilitation Act cannot be waived by an employee in a collective bargaining agreement.

## INSTRUCTION NO. _15__

It is unlawful for a federal employer to coerce, intimidate, threaten or interfere with a federal employee:

> (a)  in the exercise or enjoyment of any right granted or protected by the Rehabilitation Act; *or*
>
> (b)  because he or she exercised or enjoyed any right granted or protected by the Rehabilitation Act.

To "exercise" a right under the Rehabilitation Act means to actively pursue the benefits provided by the Rehabilitation Act.

To "enjoy" a right under the Rehabilitation Act means to receive the benefit of the Rehabilitation Act's guarantees, whether or not the employee made an effort to obtain those benefits.

Disability is not an element of a claim of coercion, intimidation or interference under the Rehabilitation Act.

For the plaintiff to establish coercion, intimidation or interference in violation of the Rehabilitation Act, the plaintiff must prove the following elements by a preponderance of evidence:

(1)   Plaintiff exercised or enjoyed a right granted or protected by the Rehabilitation Act or was prevented from exercising or enjoying a right granted or protected by the Rehabilitation Act; and

(2)   Defendant engaged in an act of coercion, intimidation or interference; and

(3)   There is a causal link between the defendant's acts and plaintiff's exercise or enjoyment of a right granted or protected by the Rehabilitation Act and defendant's act of coercion, intimidation or interference; and

(4)   The plaintiff's exercise or enjoyment of a right granted or

protected by the Rehabilitation Act was a motivating factor in the acts of coercion, intimidation or interference.

## INSTRUCTION NO. _16__

It is unlawful for an entity to discriminate against any individual because that individual has opposed any act or practice that she reasonably believes to be unlawful under the Rehabilitation Act or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

For the plaintiff to establish retaliation in violation of the Rehabilitation Act, the plaintiff must prove the following elements by a preponderance of evidence:

(1)    the plaintiff engaged in conduct that is protected under the Rehabilitation Act;

(2)    the plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred;

(3)    there was a causal link between the protected activity and the adverse employment action; and

(4)    the plaintiff's protected activity was a motivating factor for the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

## INSTRUCTION NO. _17__

The process for a federal agency employee to make a claim for discrimination, in any of its forms, under the Rehabilitation Act is begun by making contact with an Equal Employment Opportunity (EEO) counselor. The initial contact with an EEO counselor must be made within 45 days of conduct alleged to be discriminatory, or in the case of a personnel action, from the date of the action. Conduct and personnel actions that occur before and after the 45-day period that are not like or related to those within the 45-day period are disparate acts and a separate contact with an EEO counselor must be made as to those within the 45-day period in order for them to be timely.

However, where discriminatory conduct and/or personnel actions that occur before or after the 45-day period that are related or similar to those that took place during the 45-day period, all of the acts are a part of a continuing violation and are timely based on the single initial contact with an EEO counselor.

Plaintiff contends that discriminatory conduct and personnel actions took place before and after her initial contact with an EEO counselor are related and similar to those within the 45-day period. If you find that such conduct and personnel actions are like and related, then you must find that all of the acts are a part of a continuing violation and are timely.

## INSTRUCTION NO. _18__

It is a defense to the plaintiff's Rehabilitation Act claim if the plaintiff posed a direct threat to the health and safety of others or if the requirements of the job would pose a direct threat to the plaintiff. The defendant may require, as a qualification for the position, that an individual not pose a "direct threat" to the health or safety of others or herself in the workplace. A health or safety risk can only be considered if it is a significant risk of substantial harm. Assessment of the existence of a direct threat must be based on valid and objective evidence and not speculation.

The defendant claiming the direct threat defense must prove by a preponderance of the evidence that the plaintiff posed a direct threat to the health or safety of others or herself that could not be eliminated by a reasonable accommodation.

Factors that may be considered in determining whether an individual poses a direct threat to the health and safety of others or herself are:

    (1)    the nature and severity of the potential harm;

    (2)    the duration of the potential harm;

    (3)    the imminence of the potential harm; and

    (4)    the probability of the harm occurring.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff, unless you also find that the defendant has proved this affirmative defense, in which event your verdict should be for the defendant.

## INSTRUCTION NO. _19__

A defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.

The term "undue hardship" means an action requiring significant difficulty or expense. It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The factors to be considered in deciding whether an accommodation would cause "undue hardship" include:

(1)     the nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding;

(2)     the overall financial resources of the defendant's facility involved in the provision of the reasonable accommodation, the number of persons employed at such facility, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

(3)     the overall financial resources of the defendant's facility, the overall size of the business of a defendant's facility with respect to the number of its employees, the number, type, and location of its facilities;

(4)     the number of persons employed by defendant and the effect of accommodation;

(5)     the type of operations the defendant is involved in and the composition, structure, and functions of the work force;

(6)     the geographic separateness and administrative or fiscal relationship of the facility in question to the defendant; and

(7)     the overall impact of the proposed accommodation on the operation of
the defendant's facilities, including the impact on other employees and
the ability to conduct business.

## INSTRUCTION NO. _20__

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her claims of discrimination, and/or retaliation and or coercion, intimidation and interference, then you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

- The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

- The reasonable value of wages and earnings and benefits lost to the present time; and

- The reasonable value of wages and earnings and benefits which with reasonable probability will be lost in the future and increases in salary and benefits, including pension, which the plaintiff would have received had she not been discriminated against.

- Consequential damages for such losses as interest, late charges, court costs, garnishment fees and the like.

It is for you to determine what damages, if any, has been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. _21__

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    (1)    that the plaintiff failed to use reasonable efforts to mitigate damages; and

    (2)    the amount by which damages would have been mitigated.

## INSTRUCTION NO. _22__

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

## INSTRUCTION NO. _23__

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. _24__

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. _25__

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.